## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

LEROY BRUNER and )
SOPHIA BRUNER, )
     )
    Plaintiffs, )
     )
v. )        Civil Action No. 15-00319-N
     )
AMERICAN HONDA MOTOR CO., INC.,)
et al, )
     )
    Defendants. )

## ORDER

This matter came before the undersigned for a hearing on July 28, 2015.

Present at the hearing were E. Gregory Allen, Esq., Stephanie Monplaisir, Esq., and

Charles Potts, Esq., counsel for Plaintiffs LeRoy Bruner and Sophia Bruner; and De

Martenson, counsel for Defendants American Honda Motor Co., Inc. and Honda of

America Mfg., Inc.  The Court heard oral argument on the Motion to Sever and

Remand (Doc. 2) and the Motion to Conduct Limited Discovery (Doc. 3) filed by

Defendants American Honda Motor Co., Inc. and Honda of America Mfg., Inc. (Doc.

2).[1]

By the consent of the parties (*see* Doc. 16), the Court has designated the

undersigned Magistrate Judge to conduct all proceedings and order the entry of

---

[1] The hearing was set on the Court's *sua sponte* review of jurisdiction.  The Court has an independent duty to examine its own jurisdiction. *Ala. Power Co. v. U.S. Dept. of Energy*, 307 F.3d 1300, 1308 (11th Cir. 2002). *See also Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir.2004) ("federal courts 'are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.' ") (quoting *Galindo-Del Valle v. Attorney General*, 213 F. 3d 594, 599 (11th Cir. 2000)); *accord Univ. of S. Ala. v. American Tobacco Co.,* 168 F.3d 409, 411 (11th Cir. 1999) (Federal courts are courts of limited jurisdiction and must examine their subject matter jurisdiction even where there is no challenge to jurisdiction).

judgment in this civil action, in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (*See* Doc. 28). In reaching its decision, the Court considers the Motion to Sever and Remand (Doc. 2); the Plaintiffs' Response to the Motion to Sever and Remand (Doc. 17); the Motion to Conduct Limited Discovery (Doc. 3); the Plaintiffs' Response to the Motion to Conduct Limited Discovery; the Notice of Removal (Doc. 1); and the Supplement to the Notice of Removal (Doc. 24). Upon consideration, and for the reasons stated herein, the undersigned **ORDERS** that the Motion to Sever and Remand be **DENIED**; that the Motion to Conduct Limited Discovery be **DENIED**; and, since this Court lacks subject-matter jurisdiction, that this case be remanded to the Circuit Court of Mobile County, Alabama, under 28 U.S.C. § 1447(c).[2]

## I.     Background

On May 15, 2015, Plaintiffs Leroy Bruner and Sophia Bruner filed a products-liability complaint against Defendants American Honda Motor Co., Inc.; Honda Motor Co., Ltd.; Honda of America Mfg., Inc., Honda R&D Co., Ltd.; and Alfa Insurance Corp. ("Alfa) in the Circuit Court of Mobile County, Alabama.[3] *See* Doc. 1-1 at 4. On June 27, 2015, the Honda Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, alleging diversity under 28 U.S.C. §

---

[2] Any appeal taken from this order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 636(c)(3); FED. R. CIV. P. 73(c).

[3] Honda Motor Co., Ltd., and Honda R&D Co., Ltd. are Japanese companies, the former having been served after these motions were made and the latter having not yet been served. The other two Honda companies (American Honda Motor Co., Inc., and Honda of America Mfg., Inc.), who are responsible for making the motions under consideration, are referred to below as the "Honda Defendants," exclusive of these Japanese companies

1332(a)(1) as the sole basis for the Court's subject matter jurisdiction.[4]  *See* Doc. 1 at 5.

The parties lack complete diversity, since both the Plaintiffs and Alfa Insurance Corp. are citizens of Alabama. Doc. 1 at 3-4; Doc. 1-1 at 4-5. Contemporaneously with the notice of removal, the Honda Defendants filed the instant Motion to Sever the claim against Alfa Insurance Corp. and moved to remand that claim to state court, alleging that Alfa was fraudulently joined and should not be considered for the purposes of diversity. Doc. 2 *generally*; Doc. 1 at 8. The Honda Defendants also filed the Motion to Conduct Limited Discovery, to allow discovery on the jurisdictional issue of whether a justiciable controversy existed between Plaintiffs and Alfa; if no claim could be made against Alfa, then they were fraudulently joined. Doc. 3 *generally*.

On July 16, 2015, the Plaintiffs filed their Response in Opposition to the Motion to Conduct Limited Discovery, arguing that Eleventh Circuit Court of Appeals precedent disallows post-removal discovery for the purposes of establishing jurisdiction. Doc. 14 at 1. On July 20, 2015, the Plaintiffs filed a document entitled "Notice of Plaintiffs' Consent to This Court's Subject Matter Jurisdiction"  (Doc. 17)[5]

---

[4] The Honda Defendants were served on May 27, 2015 (Doc. 1-1 at 100, 103) and the notice of removal was filed within 30 days thereof. Therefore, the notice of removal was filed under 28 U.S.C. § 1446(b)(1). *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 757 (11th Cir. 2010).

[5]  The notice states, in full, as follows: "In exchange for the Honda Defendants' agreement to having this case heard by and tried before the Honorable Magistrate Judge Katherine P. Nelson, the Plaintiffs have agreed to this Court's subject matter jurisdiction. Accordingly,

Finally, on July 28, 2015, the Honda Defendants filed a Supplementary Removal Notice in which they reiterated their arguments regarding fraudulent joinder and indicated to the court that all claims between Plaintiffs and Alfa had settled on July 25, 2015. Doc. 24 at 2-3.

## II.    Analysis

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). One such Congressional grant of jurisdiction is found in 28 U.S.C. § 1332(a)(1), which provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . "

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See also Roe v. Michelin N. Am.,*

the Plaintiffs have no opposition to the Honda Defendants' "Motion to Sever and Remand" Plaintiffs' claims against Alfa Insurance Company to the Circuit Court of Mobile County, Alabama. (Doc. 2) Further, as a result of the Parties' agreement, the Honda Defendants' "Motion to Conduct Limited Discovery" is moot (Doc. 3) and Plaintiffs hereby withdraw their opposition (Doc. 14)."

*Inc.*, 613 F.3d 1058, 1060 (11th Cir. 2010) ("If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b).").[6]  "Just as a plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a), a removing defendant must also allege the factual bases for federal jurisdiction in its notice of removal under [28 U.S.C. ]§ 1446(a)[,]" *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216-17 (11th Cir. 2007), and "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Moreover, the law is clear that, " '[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.' " *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala.*, 168 F.3d at 411 (citation omitted)).

That the Plaintiffs have withdrawn their opposition to the motion to sever and remand and "have agreed to this Court's subject matter jurisdiction" (Doc. 17) is of no moment.   Even when a "district court's jurisdiction … is not contested, … jurisdiction cannot be created by consent[,]" and federal courts "are obligated to raise concerns about the district court's subject matter jurisdiction *sua sponte*." *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304 (11th Cir. 2011) (per curiam).

---

[6] Like the present action, *Roe* expressly considered the propriety of removal "under the first paragraph of § 1446(b)…" 613 F.3d at 1061 n.4.

### A. Motion to Conduct Limited Discovery

The Honda Defendants' Motion to Conduct Limited Discovery seeks leave to conduct limited discovery on the jurisdictional issue of whether Alfa has tendered contractual insurance policy limits to the Plaintiffs and whether Plaintiffs have refused to accept them. Doc. 3 at 2. However, "[p]ost-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007). "[T]he party who invokes the jurisdiction of the court has the burden of establishing jurisdiction . . . [and] a removing defendant must [] allege the factual bases for federal jurisdiction in its notice of removal under § 1446(a). *Id.* at 1216-17. "A district court should not insert itself into the fray by granting leave for the defendant to conduct discovery . . . [since] doing so impermissibly lightens the defendant's burden of establishing jurisdiction." *Id.* at 1218. Thus, the Motion to Conduct Limited Discovery is due to be denied.

### B. Motion to Sever and Remand

The Motion to Sever and Remand seeks to sever the Plaintiffs' single claim against Alfa and remand only that claim to state court. Doc. 2 at 3. The Honda Defendants argue that Alfa is a fraudulently joined party, included only for the purpose of defeating diversity. *Id.* at 2. They claim that Alfa is fraudulently joined because the Plaintiffs can state no claim against Alfa and even if they could, such claims would bear no real connection to the claims against the Honda Defendants.

*Id.* at 2-3.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Fraudulently-joined parties should not be considered for the purpose of determining diversity. *Tapscott v. MS Dealer Service Corp.*, 77 F.2d 1353, 1359 (11th Cir. 1996) *citing Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). Joinder is fraudulent in three situations:

1. "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant;"

2. "when there is outright fraud on the plaintiff's pleading of jurisdictional facts;" and

3. "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability *and* where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant."

*Triggs*, 154 F.3d at 1287. The Honda Defendants do not claim that the second form of fraudulent joinder is present in this case, rather arguing that either the first or third form applies.

In the first form of fraudulent joinder, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any . . . resident defendant[,] the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d 1440-41 *citing Bobby Jones*

*Garden Apartments*, 391 F.2d at 177 *and Parks v. New York Times Co.*, 308 F.2d 474, 477-78 (5th Cir. 1962). The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287.

Plaintiffs allege that Alfa is liable to them for damages caused by Elizabeth Darby Rehm, an uninsured driver, under the uninsured/underinsured motorist provisions of their insurance contract. Doc. 1-1 at 9.[7] The Honda Defendants allege that there is no "justiciable controversy" between Plaintiffs and Alfa because Alfa has "tendered policy limits of the uninsured/underinsured motorist benefits to Plaintiffs." Doc. 3 at 2. However, for support of this contention, Honda Defendants rely on any evidence they might gather through the "limited discovery" they have motioned for. *Id.* Since the Court cannot grant this motion (see above), it has no evidence before it to support the contention that the policy limits were offered prior to removal.

The Honda Defendants further contend that, to support the claim against

---

[7]   The Honda Defendants have submitted a document purported to be from Alfa's counsel (who have not appeared in this action) that the issues between the Plaintiffs and Alfa have been settled out of court. Doc. 24-1.  Counsel for the Honda Defendants again advised the Court of this development at the July 28, 2015 hearing.

Removal occurred on June 22, 2015 (Doc. 1), while the purported settlement did not take place until the week of July 24, 2015. Doc. 24-1. Thus, the purported settlement is immaterial, since "removal jurisdiction is determined at the time of removal…" *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1350 n.9 (11th Cir. 2009). *Accord Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) (per curiam) (For "[c]ases removed from state to federal court under 28 U.S.C. § 1447(c) … , the district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction."); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("[F]or purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal—October 10, 1997." (citing *Poore*, 218 F.3d at 1289–91)).

Alfa, Plaintiffs will have to "prove the tortious conduct of non-party tortfeasors as well as elements of the contractual insurance policy in question in order to sustain their Breach of Contract claim." Doc. 2 at 2. While this represents a high bar, it does not preclude the possibility that Plaintiffs state a valid cause of action against Alfa. Thus, the Honda Defendants have failed to show that the first form of fraudulent joinder applies in this case.

The Eleventh Circuit case establishing the third form of fraudulent joinder, *Tapscott v. MS Dealer Service Corp.*, instructs that " 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.' " 77 F.3d 1353, 1359 (1996) *quoting Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921). This form of fraudulent joinder appears to require *both* a lack of "joint several or alternative liability" and no "real connection" between the claim against the non-diverse defendant and that against the diverse defendant. *Triggs*, 154 F.3d at 1287 (" . . . a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability *and* where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." (emphasis added)).

This type of joinder is fraudulent because it represents misjoinder under FED. R. CIV. P. 20 and because it is "so egregious" as to "border on a sham." *Tapscott*, 77 F.3d at 1360 ("We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so

egregious as to constitute fraudulent joinder.). The case establishing this form of joinder involved a state-law class action suit, which included a non-diverse defendant and which involved the sale of " 'service contracts' sold and financed in Alabama." *Id.* at 1355. An amended complaint named additional plaintiffs who alleged violations of the same Alabama statutes, but whose claims arose out of the sale of " 'extended service contract' in connection with the sale of *retail products*." *Id.* (emphasis original). The claims involved completely different parties and different types of contracts, with no factual issues in common. *Id.* at 1360. The only commonality was "allegations of violations of Alabama Code §§ 5-19-1, 5-19-19, and 5-19-20." *Id.* The Eleventh Circuit found that "[s]uch commonality on its face is insufficient for joinder."

The joinder of Alfa here does not rise to the egregiousness of the joinder of unconnected parties in *Tapscott*. While the Plaintiffs do not allege any joint, several, or alternative liability among Alfa and the Honda Defendants, all claims in this case arise out of a May 9, 2014, automobile collision involving Plaintiffs, who are covered by Alfa, and a vehicle manufactured by the Honda Defendants. Doc. 1-1 at 5-10. This represents the "real connection" called for by *Tapscott, Triggs,* and *Wilson*. The lack of joint, several, or alternative liability may indicate misjoinder under FED. R. CIV. P. 20, but this misjoinder is not "so egregious" that it rises to the level of fraudulent joinder. *See Tapscott*, 77 F.3d at 1360.

Since the Honda Defendants have not shown that Alfa was fraudulently joined under any of the forms outlined by the Eleventh Circuit, the Motion to Sever

and Remand is due to be denied.

### C. Subject-Matter Jurisdiction

Since Alfa Insurance Corp. is not fraudulently joined, it cannot be ignored for purposes of establishing diversity jurisdiction. Exercise of diversity jurisdiction by the district court requires "complete diversity; every plaintiff must be diverse from every defendant." *Triggs*, 154 F.3d at 1287 *citing Tapscott*, 77 F.3d at 1355; *see also* 28 U.S.C. § 1332. The Plaintiffs are both citizens of Alabama. Doc. 1 at 3 *accord* Doc. 1-1 at 4. Defendant Alfa is also a citizen of Alabama. Doc. 1 at 4 *accord* Doc. 1-1 at 4. Thus, parties are not completely diverse.

The district court must have subject-matter jurisdiction in order to adjudicate a case. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Diversity jurisdiction is the only form of subject-matter jurisdiction alleged by the removing parties in this case. Doc. 1 at 4-8. Thus, the undersigned finds that the Honda Defendants have failed to meet their burden on removal to demonstrate that this Court has subject-matter jurisdiction over the claims at issue. Consequently, this case is due to be remanded to state court. *See* 28 U.S.C. § 1447(c).

### III.   Conclusion

Based on the foregoing analysis, it is **ORDERED** that:

1. The Motion to Sever and Remand (Doc. 2) is **DENIED**;

2. The Motion to Conduct Limited Discovery (Doc. 3) is **DENIED**; and

3.  The Court *sua sponte* **REMANDS** this case, in its entirety, to the Circuit

Court of Mobile County, Alabama, under 28 U.S.C. § 1447(c)

Final judgment in accordance with this Order and Federal Rule of Civil

Procedure 58 shall issue by separate document.

**DONE and ORDERED** this the 25th day of August 2015.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**